IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL DAVIS III,<br>　　　　　　　Plaintiff,<br>vs.<br><br>GAS RECOVERY, LLC,<br><br>SANTANDER CONSUMER USA INC. D/B/A CHRYSLER CAPITAL,<br>　　　　　　　Defendants. | C.A.No. 1:20-cv-00840-MN<br><br>Jury Trial Demanded |

**FIRST AMENDED COMPLAINT**

## I. INTRODUCTION

1. This is an action involving a wrongful self-help repossession of a car by use of law enforcement.

2. A secured party may only use the remedy of self-help repossession of collateral after default if it does so without breaching the peace.

3. The defendant bank and its repo man breached the peace in repossessing Plaintiff Daniel Davis' car – by refusing to heed Davis' objection to the repo, and by summoning law enforcement to assist with the repossession.

4. Defendants' actions violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., Delaware's Commercial Code, 6 DE Code §9-609, et seq., and other laws.

## II. JURISDICTION

5. This Court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

6. The Court has supplemental jurisdiction over the state law claims arising out of the same nucleus of operative facts which give rise to the federal law claims.

7. Venue is proper in the District of Delaware, as the operative events took place within

1

this District.

### III. PARTIES

8. Plaintiff Daniel Davis III ("Plaintiff" or "Davis") is a consumer who resides at 300 Isabelle Isle, No. 206, Dover, DE 19904.

9. Defendant Gas Recovery, LLC ("Gas Recovery") is, upon information and belief, a Delaware limited liability company, with a principal place of business at 37050 DuPont Blvd., Selbyville, DE 19975. Gas Recovery is in the business of repossessing vehicles. Gas Recovery and its employees and agents are collectively referred to here as "the repo man."

10. Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler") is licensed motor vehicle sales finance company with an address of 1601 Elm Street, Suite 800, Dallas, TX 75201. Chrysler is in the business of vehicle financing principally through car dealerships. At times herein, Gas Recovery and Chrysler are referred to collectively as "Defendants."

### IV. STATEMENT OF CLAIM

11. In the early morning hours of June 24, 2019, Defendants attempted to repossess Plaintiff's vehicle, a 2017 Dodge Durango.

12. The repo man, from Defendant Gas Recovery, LLC, was an agent of Defendant Chrysler and acting at Chrysler's instruction and at Chrysler's behest.

13. Gas Recovery was acting on behalf of the secured creditor, Chrysler, who upon information and belief, sent the instructions for Chrysler to repossess Davis's Durango.

14. Repossession is an inherently dangerous activity.

15. Neither Chrysler nor Gas Recovery had sought or obtained a court order or similar writ to repossess Mr. Davis' vehicle.

16. Defendants attempted to repossess the vehicle on two prior occasions. On both occasions, Plaintiff Davis peacefully objected to the repossession, as is his right under state and federal law.

17. On both prior occasions, Defendant called the Dover, DE police for assistance in the repossession. The police refused to assist.

18. During the June 24, 2019 repossession attempt at issue in this case, Mr. Davis again peacefully objected to the repossession, which terminated the repo man's right to repossess as a matter of law, and required him to try again or get a court order.

19. Instead, Gas Recovery again called the Dover, DE police who arrived on the scene.

20. Rather than instruct the repo man to leave, police officers from the Dover police department, state actors, assisted the repo man in his illegal repossession by forcibly removing Mr. Davis from his vehicle.

21. Chrysler and its agent, the repo man, may legally repossess collateral without judicial process only "if it proceeds without breach of the peace." 6 DE Code § 9-609(b).

22. The duty to act properly, in good faith, without a breach of the peace is non-delegable by the lender. The actions of the repo man are all attributable to Chrysler and Chrysler is strictly and vicariously liable therefor.

23. Chrysler and Gas Recovery, through the actions of their repo man, breached the peace by attempting to take Davis' vehicle over his objection and protest, and by using law enforcement to help with the repossession.

24. Any right to repossess Mr. Davis' vehicle dissolved upon Davis's objection and the Defendants' breach of the peace.

25. Defendants breached the peace by causing a disturbance, refusing to leave after being asked to leave, attempting to forcibly take the vehicle over Mr. Davis' objections, and enlisting the police to assist with the seizure of the collateral.

26. The confrontation, Plaintiff's objection, and the entry of law enforcement officers singularly and collectively constitute a breach of the peace.

27. Defendants repossessed Plaintiff's vehicle without justification or legal entitlement. The repossession was not commercially reasonable.

28. As a result of each Defendant's conduct, Plaintiff Mr. Davis lost his primary mode of transportation and has suffered physical injuries, pecuniary loss, mental and emotional distress, aggravation, stress, worry, humiliation, and embarrassment.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT
### (Against Gas Recovery, LLC)

29. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

30. Plaintiff is a "consumer" as that term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

31. Defendant, Gas Recovery, LLC was acting as a "debt collector" as that term is defined under 15 U.S.C. § 1692a(6).

32. The FDCPA prohibits a debt collector from engaging in unfair or unconscionable means to collect or attempt to collect a debt, including taking any non-judicial action to effect dispossession or disablement of property when there is no present right to do so. 15 U.S.C. § 1692f(6).

33. Defendant, Gas Recovery repossessed Plaintiff's vehicle when it had no lawful present right to do so, as the plaintiff's objection and the breach of the peace vitiated any statutory right to repossess without a court order or writ.

**WHEREFORE,** Plaintiff, Daniel Davis III demands judgment against Defendant Gas Recovery, LLC for:

(a) Damages;

(b) Attorney fees and costs as permitted under 15 U.S.C. § 1692k; and

(c) Such other relief as the Court may be deem just and proper.

### COUNT II
### DELAWARE'S UNIFORM COMMERCIAL CODE
### (Against Santander Consumer USA Inc. d/b/a Chrysler Capital)

34. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

35. Once the breach of the peace occurred, any license or justification for the repo man to repossess ceases. 6 DE Code § 9-609.

36. Chrysler did not act in a commercially reasonable manner in repossessing Plaintiff's vehicle, and had no proper basis under the UCC to do so. 6 DE Code § 9-609, 9-610.

37. As a result of Chrysler's wrongful repossession and failure to comply with UCC Article 9, Plaintiff is entitled to damages. 6 DE Code § 9-625.

WHEREFORE, Plaintiff, Daniel Davis III demands judgment against Defendant, Santander Consumer USA Inc. d/b/a Chrysler Capital for:

(a) Damages; and

(b) Such other and further relief as the Court deems just and proper.

## COUNT III
## WRONGFUL REPOSSESSION/CONVERSION/TRESPASS
**(Against Chrysler and Gas Recovery)**

38. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

39. Defendants, Chrysler and Gas Recovery wrongfully repossessed Plaintiff's vehicle.

40. Defendants took Plaintiff's vehicle without his consent, without lawful justification, and without a then-present right to possession.

41. Defendants trespassed on Plaintiff's personal property in order to repossess the vehicle and breached the peace.

42. As a result of each Defendants intentional, willful and reckless conduct, Plaintiff has been damaged.

WHEREFORE, Plaintiff, Daniel Davis III, demands judgment against Defendants Santander Consumer USA Inc. d/b/a Chrysler Capital and Gas Recovery, LLC, jointly and severally, for the following:

(a) Actual damages;

(b) Punitive damages;

(c) Interest; and

(d) Such other and further relief as the Court deems just and proper.

## COUNT IV
## NEGLIGENCE
**(Against Chrysler and Gas Recovery)**

43. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

6

44. Non-judicial repossessions of personal property are deemed inherently dangerous because they involve a foreseeable risk of confrontation, violence and other similar behavior.

45. Defendants have and had a non-delegable duty to insure that any non-judicial repossession would be effected strictly in accordance with the law and contract, and without a breach of the peace.

46. In order to fulfill the duties required of a secured party and of a licensed repossessor, Defendants were under a duty to exercise reasonable care in the hiring, training, supervision and use of its employees and agents.

47. Defendants had a duty to use reasonable care in effecting a repossession, with due regard for the rights and safety of the public, the Plaintiff and others with whom they might interact on behalf of their employer/principal(s).

48. Defendants breached their duty of care in the hiring, training and supervision of the repossessors and agents used to perform this and other non-judicial repossessions.

49. Defendants breached their duty of care by calling law enforcement and contributing to the breach of peace at the scene of the repossession.

50. As a result of the aforesaid negligence and breach of duty, Plaintiff suffered the injuries and damages set forth above.

WHEREFORE, Plaintiff, Daniel Davis III, demands judgment against Defendants Santander Consumer USA Inc. d/b/a Chrysler Capital and Gas Recovery, LLC, jointly and severally, for the following:

    (a) Damages;

    (b) Punitive damages;

    (c) Interest;

(d) Such other and further relief as the Court shall deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

**LAW OFFICE OF MARY HIGGINS, LLC**

Dated: September 18, 2020

By: */s/ Mary Higgins*
Mary Higgins, DE (ID #4179)
Mary Anne McLane Detweiler (ID #3415)
University Office Plaza
Commonwealth Building, Suite 201
260 Chapman Road
Newark, DE 19702
Telephone: 302-525-6607
Facsimile: 302-525-6618
mary.higgins@letsbelegal.com
maryamclane@letsbelegal.com
*Counsel for Plaintiff*


**FLITTER MILZ, P.C.**

**CARY L. FLITTER (PA# 35047)**
**ANDREW M. MILZ (PA# 207715)**
**JODY T. LOPEZ-JACOBS (PA# 320522)**
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782
cflitter@consumerslaw.com
amilz@consumerslaw.com
jlopez-jacobs@consumerslaw.com
Messrs. Milz & Lopez-Jacobs admitted *pro hac vice*

Attorneys for Plaintiff