IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL DAVIS, III, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GAS RECOVERY, LLC, *et al.*, ) <br> ) <br> Defendants. ) | C.A. No. 20-840-SRF |

| | |
|---|---|
| DANIEL DAVIS, III, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LOGAN SPICER, *et al.*, ) <br> ) <br> Defendants. ) | C.A. No. 21-874-SRF |

**MEMORANDUM ORDER**

At Wilmington this **3rd** day of **May, 2022**, the court having considered Plaintiff Daniel Davis' ("Plaintiff") Second Motion for Sanctions and to Enforce Subpoena as to Nonparty Shawn Sweigart (D.I. 66), IT IS HEREBY ORDERED that Plaintiff's motion for sanctions is DENIED-IN-PART, and Plaintiff is granted leave to re-notice the deposition for the following reasons:

1. **Background.** Nonparty Shawn Sweigart ("Mr. Sweigart") was personally served with a subpoena to testify and produce records in this matter on September 28, 2021, and a deposition was noticed for October 18, 2021. (D.I. 66, Ex. 1) Mr. Sweigart did not appear for the deposition or produce the documents requested, nor did he object to the subpoena by motion or otherwise. (D.I. 66 at 1, Ex. 2)

2. On November 12, 2021, Plaintiff filed a Motion for Sanctions and to Enforce Subpoena as to Nonparty Shawn Sweigart, seeking to compel Mr. Sweigart's attendance at the court for purposes of taking deposition and production of documents or, alternatively, sanctions including a monetary fine of $200 per day of noncompliance and payment of attorneys' fees. (D.I. 49)

3. On December 21, 2021, the court ordered Plaintiff to provide written notice and proof of service of the Motion for Sanctions and to Enforce Subpoena as to Nonparty Shawn Sweigart (D.I. 49) prior to seeking relief from the court. The court subsequently denied without prejudice the motion on February 24, 2022, due to lack of proof of service of the motion on the nonparty.

4. On March 10, 2022, Plaintiff filed a Second Motion for Sanctions and to Enforce Subpoena as to Nonparty Shawn Sweigart, seeking the same relief as the previous motion. (D.I. 66) On March 16, 2022, Plaintiff filed written notice and proof of service of the motion on Mr. Sweigart. (D.I. 68)

5. **Legal Standard.** "[T]he power of the Court to impose sanctions in discovery matters is undisputed, and the exercise of that authority rests in the sound discretion of the Court." *Bartos v. Pa.*, 2010 WL 1816674, at *6 (M.D. Pa. May 5, 2010); *see Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 90 (3d Cir.1987). "Rule 37(b)(1) provides the appropriate means to sanction a nonparty" who fails to appear at deposition or fails "to follow the court's directions." *General Ins. Co. of Am. V. Eastern Consol. Utilities, Inc.*, 126 F.3d 215, 220 n.3 (3d Cir. 1997); *see Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 531 (9th Cir.1983) (noting that Rule 37(b)(1) sanctions may be available against nonparty deponent who failed to appear at a deposition in violation of a court order); *Adesanya v. Novartis Pharms. Corp.*, 2016 WL

4401522, at *5 (D. N.J. August 15, 2016) (internal citations omitted) ("Sanctionable misconduct by a non-party witness can include failure to appear"). Sanctions should "always be narrowly tailored to meet the misconduct, and should entail no greater punishment than is reasonably necessary to address the specific wrongdoing that confronts the court." *Bartos*, 2010 WL 1816674, at *6; *see also Klein v. Stahl, GMBH & Co., Maschinefabrik*, 185 F.3d 98 (3d Cir. 1999). "[F]ees can only be assessed against non-party witnesses upon a finding of civil contempt." *Yarus v. Walgreen Co.*, 2015 WL 4041955, at *5 (E.D. Pa. July 1, 2015). "Rule 45(g) permits the court issuing a subpoena to hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *Id.* at *3 (internal quotations omitted).

**IT IS HEREBY ORDERED:**

6. Plaintiff's motion for sanctions as to Mr. Sweigart is DENIED without prejudice. The Plaintiff has not satisfied the requirements for the court to grant sanctions against the nonparty on the present record. The Plaintiff has not made a showing that the court should find the nonparty in civil contempt for his failure to appear for deposition on one occasion. Granting Plaintiff leave to re-notice the deposition properly addresses "the specific wrongdoing that confronts the court," such that the imposition of sanctions at this stage would be disproportionate to the conduct alleged. *Bartos*, 2010 WL 1816674, at *6. Indeed, Plaintiff admits that he "seeks sanctions that are no more than necessary to coerce Mr. Sweigart's compliance with the subpoena." (D.I. 66 at 2) The court agrees and denies without prejudice Plaintiff's motion for sanctions should Mr. Sweigart fail to obey this Order of the court.

7. Further, "[m]onetary sanctions are not expressly made available against a nonparty" absent a finding of civil contempt. *Yarus*, 2015 WL 4041955, at *3. A finding of

3

civil contempt against a nonparty is a high burden, and the following elements must be met: "(1) a valid court order existed, (2) the [individual] had knowledge of the order; and (3) the [individual] disobeyed the order." *Harris v. City of Phila.*, 47 F.3d 1311, 1326 (3d Cir. 1995); *see* Fed. R. Civ. P. 45(g) ("The court...may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it"). The Plaintiff has not met his burden to satisfy those elements on the present record. *See Miller*, 709 F.2d at 531 (Rule 37(b) "provides sanctions only for failure to obey a court order"); *See General Ins. Co.*, 126 F.3d at 220 n.3 (Rule 37(b)(1) "grants a district court the authority to punish a nonparty for failing to follow the court's directions"). Thus, Mr. Sweigart's conduct is not so egregious as to warrant sanctions at this stage. *See Yarus*, 2015 WL 4041955, at *5 (denying party's motion for monetary sanctions against nonparty witnesses and instead instructing party to make one final attempt to depose witnesses).

8. Although the Second Motion for Sanctions is denied, the court grants leave to the Plaintiff to serve another subpoena on Mr. Sweigart to appear for a deposition and produce records within thirty (30) days of the date of this Order. The court denies Plaintiff's request to notice the deposition to take place in the courtroom of the undersigned judicial officer. Depositions are customarily taken in the offices of counsel for the party seeking to examine the witness. The court sees no reason to grant an exception on the present record.

9. **IT IS FURTHER ORDERED:** Nonparty, Shawn Sweigart, is ordered to attend a deposition "at a time and place designated by Plaintiff within thirty (30) days of the date of this Order." *General Ins. Co.*, 126 F.3d at 217.

     **10.**    Plaintiff shall serve a copy of this Memorandum Order upon the nonparty witness with service of the subpoena for his deposition and shall provide the court with proof of service of the same.

Dated: May 3, 2022

                                                                                              /s/ Sherry R. Fallon
                                                                                               Sherry R. Fallon
                                                                                               United States Magistrate Judge