IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIEL DAVIS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-840-SRF |
| | ) | |
| GAS RECOVERY, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| DANIEL DAVIS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-874-SRF |
| | ) | |
| LOGAN SPICER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 12th day of September, 2022, the court having considered the parties' submissions regarding Delaware Department of Justice's ("DOJ") motion to quash the third-party subpoena directed to Deputy Attorney General Shemik Thompson, Esq. ("DAG Thompson") (D.I. 71; D.I. 35),[1] IT IS HEREBY ORDERED that the DOJ's motion is GRANTED for the reasons set forth below.[2]

1. **Background.** This is a civil rights action arising from the alleged wrongful

---

[1] The DOJ filed the motion to quash in consolidated cases C.A. No. 20-840-SRF (D.I. 71) and C.A. No. 21-874-SRF (D.I. 35). The briefing was consolidated as follows: the DOJ's opening briefs (D.I. 71; D.I. 35), the Plaintiff's answering briefs (D.I. 79; D.I. 37), and the DOJ's reply briefs (D.I. 80; D.I. 38). All citations herein are to the first amended complaint (C.A. No. 21-874-SRF, D.I. 31) and briefing in C.A. No. 21-874-SRF.
[2] The parties in these consolidated cases consented to the jurisdiction of the undersigned magistrate judge. (C.A. No. 20-840-SRF, D.I. 36; C.A. No. 21-874-SRF, D.I. 15)

repossession of Plaintiff's vehicle. According to the first amended complaint ("FAC"), on June 24, 2019, Gas Recovery, LLC, ("Gas Recovery"), acting on behalf of the financing entity, Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler"), attempted to repossess Plaintiff's vehicle without first obtaining a court order. (D.I. 31 at ¶¶ 15-16, 18) Plaintiff avers he objected to the repossession peacefully, but Gas Recovery called the City of Dover Police Department ("Dover Police") for assistance. (*Id.* at ¶¶ 21-22) Officers Spicer and Weir and Corporal Hurd arrived at the scene, and one or more of them instructed Plaintiff to leave his vehicle. (*Id.* at ¶¶ 22-24) When Plaintiff refused, he contends Defendants forcibly removed him from his vehicle, deployed tasers at least twice, arrested and charged him with various offenses. (*Id.* at ¶ 24)

2. DAG Thompson was the prosecutor assigned in the criminal action against Plaintiff. (D.I. 35 at ¶ 4) Shawn Sweigart[3] ("Sweigart"), an employee of Defendant Gas Recovery, was the individual tow truck operator hired to repossess Plaintiff's vehicle and was anticipated to testify as the State's witness in the Plaintiff's criminal trial. *Id.* Plaintiff submits Sweigart, in the presence of Plaintiff's counsel, DAG Thompson, and other witnesses, said a video was recorded from equipment in his tow truck capturing the Dover Officers' use of force against Plaintiff. (D.I. 31 at ¶ 7; D.I. 35 at ¶ 5; D.I. 37 at 2) Sweigart allegedly represented that his employer, Gas Recovery, was instructed by Dover Police to destroy the video. (D.I. 31 at ¶ 7; D.I. 37 at 2) Plaintiff includes in his answering brief a link to a videorecording made by his attorneys outside

---

[3] Plaintiff refers to "Shawn Sweigart" as the "repo man" throughout his pleadings and court filings. The prosecution's witness, whom the DOJ identifies as "Craig Jones," identified himself to Plaintiff and his counsel as "Shawn Sweigart." (D.I. 37 at 2) Plaintiff contends "the repo man's true name remains unclear," (D.I. 37 at 5), as the DOJ refers to the repo man as "Craig Jones," (D.I. 35), while Gas Recovery refers to the repo man as "Carl Walker." (C.A. No. 20-840-SRF, D.I. 54, Ex. 4 at ¶ 5). In its reply brief, however, DOJ refers to the repo man as "Shawn Sweigart." (D.I. 38)

2

the courthouse on the day of Plaintiff's criminal trial in which Sweigart recounts the foregoing statements he made to DAG Thompson. (D.I. 37 at 3) The prosecutor did not go forward with trial on September 22, 2021, and the criminal charges against Plaintiff pending in the Court of Common Pleas for Kent County, Delaware, were dismissed *nolle prosequi* with prejudice. (*See* C.A. No. 20-840-SRF, D.I. 43)

3. On June 18, 2021, Plaintiff filed the present action.[4] (C.A. No. 21-874; D.I. 1) On March 7, 2022, Plaintiff filed the FAC in C.A. No. 21-874, alleging Defendants violated his civil rights under 42 U.S.C. § 1983. (D.I. 31 at ¶ 5) Among Plaintiff's chief contentions is that evidence of the alleged use of excessive force against him was intentionally destroyed at the direction of the Dover Police Officers. (*Id.* at ¶¶ 6-7, 35-50)

4. On October 18, 2021, the tow truck operator Sweigart was subpoenaed to testify by deposition in the pending matter but failed to appear. (D.I. 37, Ex. C-D) Plaintiff attempted to secure Sweigart's testimony through multiple motions for sanctions and enforcement of the subpoena but to no avail. (*See* C.A. No. 20-840, D.I. 49; D.I. 66) On May 3, 2022, the court granted Plaintiff leave to serve another subpoena on Sweigart to appear for a deposition and produce records within thirty days of the date of the order. (C.A. No. 20-840, D.I. 78 at ¶ 8) Recently, on May 19, 2022, May 20, 2022, May 26, 2022, and May 31, 2022, Plaintiff tried but failed to personally serve Sweigart with a deposition subpoena. (C.A. No. 20-840, D.I. 81)

5. On April 4, 2022, Plaintiff served a subpoena for a deposition of DAG Thompson regarding his interview of Sweigart which precipitated the state's decision to dismiss the

---

[4] Plaintiff originally filed suit against the financing entity (Chrysler) and the repossession company it retained (Gas Recovery). (C.A. No. 20-840-SRF, D.I. 1) Plaintiff filed a separate suit against the Dover Police Officers. (C.A. No. 21-874-SRF, D.I. 1) The cases were subsequently consolidated for discovery on September 8, 2021.

3

criminal prosecution of Plaintiff. (D.I. 34) The subpoena directed DAG Thompson to submit to a deposition via Zoom at 10:00 a.m. on April 21, 2022. (D.I. 35 at ¶ 2) On April 19, 2022, DOJ moved to quash the subpoena issued to DAG Thompson. (C.A. No. 20-840, D.I. 71; C.A. No. 21-874, D.I. 35)

6. **Legal Standard.** Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure provides that the court "must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

7. **Analysis.** Plaintiff's subpoena seeks DAG Thompson's testimony regarding statements allegedly made to him by Sweigart outside the courtroom just prior to the start of Plaintiff's criminal trial. (D.I. 37 at 3) The DOJ relies on Rule 45(d)(3)(A) and argues the subpoena directed to DAG Thompson did not allow for a reasonable time to comply, requires disclosure of material protected by the work product doctrine, or is otherwise privileged, and subjects DAG Thompson to an undue burden. (D.I. 35 at ¶¶ 7-17)

8. **Reasonable Time To Comply.** The subpoena was served on April 6, 2022, with a deposition date of April 21, 2022. (D.I. 35 at ¶ 7) The DOJ argues the subpoena failed to allow for reasonable time to comply pursuant to Rule 45(d)(3)(A)(i). (*Id.* at ¶ 8) The DOJ contends that although Rule 45 does not define "reasonable," 30 days would have been reasonable using Rule 33 as guidance. (*Id.*)

9. The court finds the fifteen days allowed by the subpoena was reasonable given that federal courts have found fourteen days from the date of service is presumptively reasonable. *See Verisign, Inc. v. XYZ.com, LLC, et al.*, C.A. No. 15-mc-175-RGA-MPT, 2015 WL 7960976,

4

at *3 (D. Del. Dec. 4, 2015); *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*, 2010 WL 2219343, at *5 (E.D.N.Y. Feb. 5, 2010). Nonetheless, the court grants the motion to quash for the substantive reasons which follow.

10. **Work-Product Protection.** The DOJ alleges the subpoena requires disclosure of information protected under the attorney work product doctrine pursuant to Rule 45(d)(3)(A)(iii) because DAG Thompson's testimony qualifies as opinion work product. (D.I. 35 at ¶ 10; D.I. 38 at ¶¶ 2, 4) In response, Plaintiff argues courts recognize two kinds of work product, including "opinion" work product and "fact" work product, and Plaintiff only seeks fact work product from DAG Thompson. (D.I. 37 at 4) Plaintiff also asserts discovery of fact work product requires only a showing of "substantial need" and Plaintiff "cannot, without undue hardship, obtain their substantial equivalent by other means." (*Id.* (citing *In re Intel Corp. Microprocessor Antitrust Litig.*, 258 F.R.D. 280, 295 (D. Del. 2008))) *See* Fed. R. Civ. P. 26(b)(3)(A)(ii).

11. The court finds the subpoena should be quashed because it requires disclosure of attorney work product which is protected and not discoverable under Fed. R. Civ. P. 45(d)(3)(A)(iii). The subpoena seeks DAG Thompson's testimony regarding statements provided by the State's witness in a criminal prosecution. The work product doctrine is governed by Fed. R. Civ. P. 26(b)(3) and "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661-62 (3d Cir. 2003) (quoting *United States v. Nobles*, 422 U.S. 225, 238 (1975)). Rule 26(b)(3) creates two tiers of protection. The first is work by an attorney prepared in anticipation of litigation which is only discoverable upon a showing of need and hardship. *Id.* at 663. The second is "core" or "opinion" work product which encompasses the "mental impressions, conclusions, opinion or legal theories of an attorney or other

5

representative of a party concerning the litigation," and is "generally afforded near absolute protection from discovery." *Id.* (quoting *In re Ford Motor Co.*, 110 F.3d 954, 962 n.7 (3d Cir. 1997)). It is discoverable only upon a showing of rare and exceptional circumstances. *Id.*

12. Here, the court finds that the opinion work product of the criminal prosecutor cannot be readily separated from factual information. Such is the case with an interview obtained in a litigation-related investigation where "facts elicited necessarily reflect [] a focus chosen by the lawyer." *In re Intel Corp.*, 258 F.R.D. at 294 (internal quotations and citations omitted). Plaintiff's objective is to obtain DAG Thompson's summary or his own perception of Sweigart's statements from the witness interview taken in his preparation for Plaintiff's criminal prosecution. Such testimony cannot avoid disclosure of DAG Thompson's "mental impressions, conclusions, opinion or legal theories" in the course of his representation of the State. *See id.* at 295 (quoting Fed. R. Civ. P. 26(b)(3)(B)). Moreover, Plaintiff is not seeking to obtain facts unavailable from any other source. He has already obtained whatever facts Sweigart allegedly disclosed to DAG Thompson when Plaintiff's counsel recorded an informal interview of Sweigart. (*See* D.I. 37 at 6 ("It is understood that Sweigart's statements in the videorecording mirror the statements he made to Mr. Thompson.")) Plaintiff's goal in demanding DAG Thompson's testimony is solely to bolster the credibility and reliability of Sweigart, a reluctant witness who has allegedly evaded efforts to obtain his direct testimony under oath. This is not a proper basis for abrogating the attorney work product doctrine and Plaintiff falls short of demonstrating rare and exceptional circumstances to obtain discovery of this core work product. Therefore, the DOJ's motion to quash is granted.

13. **Privileged Communications.** The DOJ further objects to the subpoena pursuant to Rule 45(d)(3)(A)(iii) because it seeks testimony from a criminal prosecutor regarding a

privileged conversation with a witness for the prosecution. (D.I. 35 at ¶ 9) The DOJ cites several Delaware cases to argue that state courts have traditionally upheld the privilege. (*Id.*) *See Brady v. Suh*, 2009 WL 6312181 (Del. Super. Jul. 8, 2009) (denying plaintiff's motion to compel prosecutor tapes as plaintiff failed to overcome the presumption that prosecutors' files are privileged); *Beckett v. Trice*, 1994 WL 319171 (Del. Super. June 6, 1994) (prohibiting civil plaintiff from deposing prosecutor, who was the prosecutor in plaintiff's previous but dismissed criminal investigation, on the grounds of privilege); *Lepkowski v. Handsberry*, 1986 WL 8173, at *2 (Del. Super. 1986) (quashing plaintiff's subpoena seeking prosecutor's records noting plaintiff's "desire to impeach the credibility of a witness . . . does not warrant an invasion into the file . . . of a sensitive criminal proceeding"); *see also Williams v. Alexander*, 1999 WL 743082, at *2 (Del. Super. June 29, 1999) (finding state fire marshal was not required to disclose to civil plaintiff information relating to non-party interviews conducted in potential arson investigation). In response, Plaintiff argues the DOJ has not met its burden establishing that the State privilege between a prosecutor and a witness is recognized under federal law. (D.I. 37 at 6) *See Nash v. Connections CSP, Inc.*, 2018 WL 2012898, at *2 (D. Del. Apr. 30, 2018) (declining to extend state statutory peer-review privilege into federal common law). The DOJ's argument overlaps with its assertion of the work product doctrine. Because the court has determined the deposition subpoena should be quashed as it seeks discovery of core work product, the court does not need to address whether the privilege asserted by the DOJ applies to the pending federal law claims.

14. **Undue Burden.** The DOJ alternatively contends the subpoena imposes an undue hardship upon DAG Thompson. (D.I. 35 at ¶¶ 13-17) Plaintiff responds claiming there would be no hardship from a 30 minute video deposition. (D.I. 37 at 6) Having found the deposition

7

subpoena should be quashed based upon the work product doctrine, the court need not address the DOJ's undue burden argument.

15. **Conclusion.** For the reasons set forth herein, the DOJ's motion to quash Plaintiff's subpoena is GRANTED.

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE